Filed 9/23/24  P. v. Guevara-Mendez CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

THE PEOPLE,

  Plaintiff and Respondent,

v.

LENAY GUEVARA-MENDEZ,

  Defendant and Appellant.

2d Crim. No. B332803
(Super. Ct. No. 2022009806)
(Ventura County)

Lenay Guevara-Mendez appeals from the judgment after the trial court terminated probation and sentenced her to six years in county jail.  Guevara-Mendez contends the trial court made two sentencing errors.  We agree, and remand.

FACTUAL AND PROCEDURAL HISTORY

In exchange for a maximum possible sentence of 10 years four months, Guevara-Mendez pleaded guilty to selling, transporting, or offering to sell fentanyl (Health & Saf. Code, § 11352, subd. (a); count 1) and to possessing fentanyl for sale (Health & Saf. Code, § 11351; count 2).  She also admitted that she was personally armed with a firearm (Pen. Code, § 12022,

subd. (c)) when she committed count 2. The trial court suspended imposition of sentence and ordered Guevara-Mendez to serve two years of formal probation. As conditions of probation, the court suspended Guevara-Mendez's driver's license for one year and ordered her not to possess any controlled substances, marijuana, or dangerous weapons.

The trial court subsequently terminated probation after finding that Guevara-Mendez drove without a valid license and possessed methamphetamine, marijuana, and four pocketknives. The People requested that the court impose consecutive middle-term sentences on counts 1 and 2 plus a consecutive term on the firearm enhancement. The court instead sentenced Guevara-Mendez to six years in county jail: the low term of three years on count 1, a concurrent three years (the middle term) on count 2, and a consecutive three years (the low term) on the firearm enhancement. With respect to the enhancement, the court said it had "no choice" but to impose it and run it consecutively to the sentence imposed on count 1.

DISCUSSION

Guevara-Mendez contends, and the Attorney General concedes, the trial court: (1) imposed an unauthorized sentence when it ordered the firearm enhancement to count 2 to run consecutive to the sentence imposed on count 1, and (2) erred when it failed to exercise its discretion to strike or impose the enhancement. We agree with both contentions.

"Enhancements are . . . additional terms of imprisonment added to the base term. Enhancements are of two types: those [that] specifically attach to the term of imprisonment imposed for an underlying offense[,] and those [that] add generally to the aggregate term of imprisonment." (*People v. Mustafaa* (1994) 22

2

Cal.App.4th 1305, 1310 (*Mustafaa*).) A finding that a defendant was armed with a firearm while possessing a controlled substance for sale is the former type of enhancement. (See Pen. Code, § 12022, subd. (c).) A defendant cannot be sentenced on such an enhancement separately from the sentence imposed on the offense to which it is attached. (*Mustafaa*, at p. 1310.) The trial court accordingly erred when it ran the firearm enhancement to count 2 consecutively to the sentence on count 1 because the enhancement was tied to count 2 and the sentence on count 2 was run concurrently to the sentence on count 1. (*Id.* at p. 1311.)

The trial court also erred because the record does not reflect that the court was aware it had discretion to strike the firearm enhancement. (See Pen. Code, § 12022, subd. (f).) " ' "Defendants are entitled to sentencing decisions made in the exercise of the 'informed discretion' of the sentencing court. [Citations.] A court [that] is unaware of the scope of its discretionary powers can no more exercise that 'informed discretion' than one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant's record." [Citation.] In such circumstances, [the Supreme Court has] held that the appropriate remedy is to remand for resentencing unless the record "clearly indicate[s]" that the . . . court would have reached the same conclusion "even if it had been aware that it had such discretion." ' [Citations.]" (*People v. Salazar* (2023) 15 Cal.5th 416, 424.)

There is no such clear indication here. The trial court said that it had "no choice" but to impose the firearm enhancement and, over the People's request, the court imposed the low term on court 1 and a concurrent sentence on count 2. Remanding the

3

case for resentencing is therefore required.  During resentencing, the court must exercise its discretion to strike or impose the firearm enhancement.  (Pen. Code, § 12022, subd. (f).)  If, in the exercise of discretion, the court opts to impose the enhancement, it must be run consecutively to the sentence imposed on count 2, not count 1.  (*Mustafaa*, *supra*, 22 Cal.App.4th at p. 1310.)  The total sentence shall not exceed the six-year jail term previously imposed.  (*Id.* at p. 1312.)

DISPOSITION

The sentence is vacated, and the matter is remanded for resentencing.  We express no opinion as to how the trial court shall exercise its discretion at resentencing.  After resentencing, the clerk of the court shall prepare a new abstract of judgment, and forward a certified copy to the county jail.

NOT TO BE PUBLISHED.

BALTODANO, J.

We concur:

GILBERT, P. J.

YEGAN, J.

4

Catherine M. Voelker, Judge

Superior Court County of Ventura

_____

Lenore De Vita, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Rama R. Maline, Deputy Attorneys General, for Plaintiff and Respondent.